Alex Asil Mashiri, Esq. (SBN 283798)
Alexmashiri@yahoo.com
**MASHIRI LAW FIRM**
A Professional Corporation
11251 Rancho Carmel Drive #500694
San Diego, CA 92150
Phone: (858) 348-4938
Fax: (858) 348-4939

Attorney for Plaintiff:
FRESHTA Y. NAYAB

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FRESHTA Y. NAYAB,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>BANK OF AMERICA; MERCANTILE ADJUSTMENT BUREAU, LLC; TRANS UNION LLC; and EXPERIAN INFORMATION SOLUTIONS INC.<br><br>　　　　Defendants.<br>_____ | Case No. **'16CV2868 W    JMA**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**[DEMAND FOR JURY TRIAL]** |

Plaintiff FRESHTA Y. NAYAB alleges as follows:

## INTRODUCTION

1. Plaintiff FRESHTA Y. NAYAB (hereinafter referred to as "Plaintiff"), brings this lawsuit against BANK OF AMERICA (hereinafter referred to as "BOFA") for violations of the Fair Credit Reporting Act ("FCRA"), Rosenthal Fair Debt Collections Practice Act ("Rosenthal FDCPA), California Consumer Credit Reporting Agencies Act ("CCRAA"), and Conversion.

2. Plaintiff brings this lawsuit against MERCANTILE ADJUSTMENT BUREAU, LLC (hereinafter referred to as "MERCANTILE") for violations of the Fair Debt Collections Practice Act ("FDCPA") and the Rosenthal FDCPA.

3. Plaintiff brings this lawsuit against TRANS UNION LLC (hereinafter referred to as "TRANS UNION") for violations of the FCRA and CCRAA.

4. Plaintiff brings this lawsuit against EXPERIAN INFORMATION SOLUTIONS INC (hereinafter referred to as "EXPERIAN") for violations of the FCRA and CCRAA.

5. All named Defendants, including BOFA, MERCANTILE, TRANS UNION, and EXPERIAN will be collectively referred to as "Defendants."

6. Plaintiff seeks actual damages, statutory damages, attorneys' fees and costs, and other relief the Court deems appropriate.

## PARTIES

7. Plaintiff is, and at all times mentioned herein was, an individual, residing in the County of San Diego, State of California.

8. Plaintiff is a "consumer" as the term is defined by 15 U.S.C. section 1681a(c) and California Civil Code section 1785.3(b), and a "debtor" as the term is defined by California Civil Code section 1788.2(h).

9. Plaintiff is informed and believes, and thereupon alleges, that Defendants are, and at all times mentioned herein were, business entities conducting and engaging in business in the County of San Diego, California.

10. Plaintiff is informed and believes, and thereupon alleges that Defendants BOFA and MERCANTILE are debt collectors as defined under Civil Code section 1788.2(c).

11. Plaintiff is informed and believes, and thereupon alleges, that Defendant MERCANTILE uses an instrumentality of interstate commerce or the mails in a business, the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to

be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. section 1692a(6).

12. Defendants BOFA and MERCANTILE attempted to collect a consumer debt as defined under the FDCPA and Rosenthal FDCPA.

13. Plaintiff is informed and believes, and thereupon alleges, that Defendants TRANS UNION and EXPERIAN are a "consumer reporting agency" as defined under 15 U.S.C. section 1681a(f).

14. Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned each of the Defendants was the agent, servant, employee, or partner of each of the remaining defendants and, in committing the acts and omissions hereinafter alleged, was acting within the course and scope of such agency, employment, partnership, or other business relationship, and were each responsible for the acts and omissions alleged in this complaint.

## JURISDICTION AND VENUE

15. This Court has jurisdiction under 15 U.S.C. section 1681p, 15 U.S.C. section 1692k(d), 28 U.S.C. section 1331, and 28 U.S.C. section 1367 for supplemental state claims.

16. This action arises out of violations of the FCRA, FDCPA, CCRAA, Rosenthal FDCPA, and Conversion. Because Defendants do business within the State of California, County of San Diego, personal jurisdiction is established.

17. Venue is proper pursuant to 28 U.S.C. section 1391.

## RELEVANT FACTS

18. On January 8, 2016, Plaintiff made a $700.00 payment to her Bank of America Credit Card account ("Credit Card").

19. Sometime after March 9, 2016, Plaintiff received a collection letter from Defendant BOFA, attempting to collect a debt in the amount of $1,500.00.

20. Knowing that the $1,500.00 debt was inaccurate, Plaintiff contacted Defendant BOFA to inquire as to why she owed $1,500.00 on her Credit Card,

especially since Plaintiff had made a $700.00 payment on her Credit Card on January 8, 2016. Unfortunately, Plaintiff was unable to resolve the discrepancy. Thinking that Defendant BOFA would reconcile its own mistake, Plaintiff ceased using the card altogether.

21. On June 4, 2016, Plaintiff obtained a copy of her credit report because she was considering purchasing a home. After reviewing her credit report, Plaintiff noticed that Defendant BOFA had erroneously reported to Defendants TRANS UNION and EXPERIAN that Plaintiff owed $1,493.00 on her Credit Card.

22. Because Plaintiff believed that Defendant BOFA took her $700.00 payment but did not properly apply it towards her Credit Card balance, she became stressed and immediately consulted with her attorney to help her resolve the matter.

23. On June 6, 2016, Plaintiff's attorney sent a letter, via certified mail/return receipt, to Equifax and Defendants TRANS UNION and EXPERIAN, disputing the fact that Plaintiff owed $1,493.00 on her Credit Card and informing each credit bureau that the reporting of the balance was inaccurate. The June 6, 2016 dispute mentioned that the reporting of the balance as $1,493.00 was inaccurate because Plaintiff had made a $700.00 payment on her Credit Card for which she was never credited for.

24. According to the return receipt, Equifax received Plaintiff's written dispute on June 9, 2016.

25. According to the return receipt, Defendant TRANS UNION received Plaintiff's written dispute on June 9, 2016.

26. According to the return receipt, Defendant EXPERIAN received Plaintiff's written dispute on June 10, 2016.

27. Upon information and belief, Equifax and Defendants TRANS UNION and EXPERIAN notified Defendant BOFA of Plaintiff's dispute within the statutory required time, as required by the FCRA. This also placed Defendant BOFA on actual notice that Plaintiff was disputing the account.

28. Despite having actual knowledge that Plaintiff disputed the account, Defendant BOFA continued to inaccurately report the amount of the debt to Equifax and Defendants TRANS UNION and EXPERIAN. Additionally, Defendant BOFA continued to report the account to all three credit bureaus (after Plaintiff had disputed the account), but failed to report that the account was disputed by Plaintiff.

29. On or about June 25, 2016, after receiving Plaintiff's written dispute, Defendants TRANS UNION and EXPERIAN sent Plaintiff an updated credit report. The credit report however failed to include that the account was disputed by Plaintiff and continued to state an inaccurate balance of $1,530.00.

30. On August 8, 2016, Defendant MERCANTILE, sent its first collection notice ("Validation Notice") directly to Plaintiff, attempting to collect a debt in the amount of $1,530.20, even though Plaintiff did not owe such an amount.

31. On August 30, 2016, Plaintiff's counsel sent a letter to Defendant MERCANTILE, disputing the debt alleged debt and requesting a verification of the debt.

32. On September 19, 2016, Defendant MERCANTILE provided Plaintiff's counsel with statements of Plaintiff's Credit Card. The statements clearly show that Defendant BOFA never credited Plaintiff for her $700.00 payment on the Credit Card. Stated differently, BOFA took Plaintiff's $700.00 payment, but never applied it to the Credit Card.

33. On October 7, 2016, Plaintiff's attorney sent a second letter, via certified mail/return receipt, to Equifax and Defendants TRANS UNION and EXPERIAN, disputing the fact that Plaintiff owed $1,530.00 and once again informing them that the balance being reported was inaccurate. The October 7, 2016 dispute also provided a detailed explanation as to why Plaintiff did not owe $1,530.00 on her Credit Card account. Included with the second dispute, was evidence of the $700.00 payment Plaintiff made to the Credit Card account on January 8, 2016.

34. According to the return receipt, Equifax received Plaintiff's second written dispute on October 13, 2016.

35. According to the return receipt, Defendant TRANS UNION received Plaintiff's second written dispute on October 11, 2016.

36. According to the return receipt, Defendant EXPERIAN received Plaintiff's second written dispute on October 10, 2016.

37. On or about October 13, 2016, Plaintiff applied for an American Express credit card, something she always wanted. However, Plaintiff's application for an American Express credit card was denied in part, due to the inaccurate reporting of her Credit Card account.

38. On October 17, 2016, after receiving Plaintiff's second written dispute, Defendant TRANS UNION sent Plaintiff an updated credit report. Once again, the credit report failed to include that the account was disputed by Plaintiff and continued to state an inaccurate balance of $1,530.00.

39. On November 3, 2016, after receiving Plaintiff's second written dispute, Defendant EXPERIAN sent Plaintiff an updated credit report. Once again, the credit report failed to include that the account was disputed by Plaintiff and continued to state an inaccurate balance of $1,530.00. In addition to the updated credit report, EXPERIAN delivered a letter that read "[w]e have reviewed the documentation you provided, but have determined that we are not able to use it to make the change you requested."

40. Upon information and belief, Equifax and Defendants TRANS UNION and EXPERIAN notified Defendant BOFA of Plaintiff's second dispute within the statutory required time, as required under the FCRA.

41. Despite being informed a second time by the credit bureaus that Plaintif was disputing the fact that she owed $1,530.00 on her Credit Card, Defendant BOFA continued to inaccurately report the amount of the debt to Equifax and Defendants TRANS UNION and EXPERIAN. Additionally, Defendant BOFA continued to

report the account to all three credit bureaus (after Plaintiff had disputed the account), but failed to report that the account was disputed by Plaintiff.

## FIRST CAUSE OF ACTION
### (Violation of the FCRA against Defendant BOFA)

42.     Plaintiff re-alleges paragraphs 1 through 41, above, as if fully set forth herein.

43.     Under 15 U.S.C. section 1681s-2(b) a furnisher of credit information, upon receiving notice from a credit reporting agency, must (1) conduct an investigation; (2) review all relevant information provided by the credit reporting agency; (3) report the results of the investigation to the credit reporting agency; and (4) if inaccurate information is discovered, report this result to all consumer reporting agencies to which the person furnished the information. *Nelson v. Chase Manhattan Mortg. Corp.* 282 F.3d 1057, 1059 (9th Cir. 2002).

44.     A private right of action against furnishers of credit exists for duties imposed by 15 U.S.C. section 1681s-2(b). *Gorman v. Wolpoff & Abramson, LLP* 584 F.3d 1155 (9th Cir. 2009).

45.     As indicated above, Plaintiff's counsel sent, via certified mail, a written notice on June 6, 2016 and again on October 7, 2016 to all three credit reporting agencies, informing each of them that Plaintiff was disputing the account as being delinquent and having the stated balance.  Upon information and belief, at least one of the three credit reporting agencies gave notice of this dispute to Defendant BOFA pursuant to 15 U.S.C. 1681i(a)(2).  Such notice triggered Defendant BOFA's duty to investigate the matter.

46.     Defendant BOFA violated the FCRA by violating 15 U.S.C. section 1681s-2(b) because it failed to conduct an investigation after it received notice from at least one credit reporting agency.

47.     Defendant BOFA failed to review all relevant information provided by the credit reporting agencies including Plaintiff's written dispute that she did not owe

the amount BOFA claimed she owed because she had made a $700.00 payment for which she was not credited for.

48. Defendant BOFA never reported the result of the investigation to the credit reporting agencies, instead it willfully continued to provide inaccurate information that Plaintiff owed $1,530.00 on her Credit Card account, when in fact that was not true because she had made a $700.00 payment for which BOFA did not give her any credit. Additionally, BOFA failed to report that the debt was disputed by Plaintiff, despite the fact that Plaintiff had disputed the account.

49. Defendant BOFA failed to report that Plaintiff had disputed that the balance BOFA was reporting was incorrect, which made the reporting incomplete and inaccurate and a violation of 15 U.S.C. section 1681s-2(b).

50. As a result of each and every violation of the FCRA, Plaintiff has suffered actual damages and harm resulting from Defendant's actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, humiliation, denial of credit, damage to her credit and credit score, and out-of-pocket expenses the exact amount of which is to be proven at trial.

51. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. section 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. section 1681o(a)(2).

52. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to statutory damages pursuant to 15 U.S.C. section 1681n(a)(1)(A); punitive damages pursuant to 15 U.S.C. section 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. section 1681n(a)(3).

## SECOND CAUSE OF ACTION
**(Violations of the CCRAA against Defendant BOFA)**

53. Plaintiff re-alleges paragraphs 1 through 52, above, as if fully set forth herein.

54. California Civil Code section 1785.25(a) states:

> A person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate.

55. Defendant BOFA violated the CCRAA by violating California Civil Code section 1785.25(a) because it furnished and continues to furnish to a consumer credit reporting agency, that Plaintiff owes $1,530.00 on her Credit Card when in fact she did not because she had made a payment of $700.00 for which BOFA did not give her any credit for. Additionally, Defendant BOFA continued to report the inaccurate balance without indicating that the balance was disputed by the Plaintiff.

56. Upon information and belief, Defendant BOFA was informed by at least one of the credit bureaus that Plaintiff was disputing the account (e.g. the amount she owed on the account) and therefore knew or should have known that the information it provided to the consumer credit reporting agency was incomplete or inaccurate.

57. Upon information and belief, Defendant BOFA was also informed by Defendant MERCANTILE, that Plaintiff was disputing the debt, but failed to mark the account as disputed on Plaintiff's credit reports and therefore knew or should have known that the information it provided to the consumer credit reporting agency was incomplete or inaccurate.

58. As a result of each and every violation of the CCRAA, Plaintiff has suffered actual damages and harm resulting from Defendants' actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, humiliation, denial of credit, damage to her credit and credit score, and out-of-pocket expenses the exact amount of which is to be proven at trial.

59. As a result of each and every violation of the CCRAA, Plaintiff is entitled to actual damages, reasonable attorney's fees and costs pursuant to California Civil Code section 1785.31(a)(1); and statutory damages for a knowing or willful violation in the amount of up to $5,000.00 pursuant to California Civil Code section 1785.31(a)(2)(B).

## THIRD CAUSE OF ACTION
### (Violation of the Rosenthal FDCPA against Defendant BOFA)

60. Plaintiff re-allege paragraphs 1 through 59, above, as if fully set forth herein.

61. Any violation of the FDCPA is a violation of California Civil Code section 1788.17, also known as the Rosenthal FDCPA because section 1788.17 incorporates the FDCPA including 15 U.S.C. sections 1692e, 1692e(2)(A), 1692e(10), and 1692f.

62. Defendant BOFA violated the Rosenthal FDCPA by violating Civil Code section 1788.17 because it violated 15 U.S.C. sections 1692d, 1692e, 1692e(2)(A), 1692e(10), and 1692f.

### COUNT 1

63. Defendant BOFA violated 15 U.S.C. sections 1692e, 1692e(2)(A), 1692e(10), and 1692f because its March 8, 2016 collection notice attempted to collect $1,500.00 from Plaintiff even though Plaintiff did not owe such an amount because she had made a $700.00 payment on January 8, 2016 for which Defendant BOFA did not give her any credit for.

### COUNT 2

64. Defendant BOFA violated 15 U.S.C. sections 1692f and 1692f(1) by charging a late fee for the month of January 2016, even though Plaintiff made a payment of $700.00 on January 8, 2016, which was before the payment due date of February 6, 2016.

65. As a result of each and every violation of the Rosenthal FDCPA, Plaintiff has suffered actual damages and harm resulting from Defendants' actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, humiliation, and out-of-pocket expenses the exact amount of which is to be proven at trial.

66. As a result of each and every violation of the Rosenthal FDCPA, Plaintiff is entitled to actual damages pursuant to California Civil Code section 1788.30(a); statutory damages under 1692k(a)(2)(A) which is incorporated by California Civil Code section 1788.17; statutory damages for a knowing or willful violation in the amount of up to $1,000.00 pursuant to California Civil Code section 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code section 1788.30(c).

## FOURTH CAUSE OF ACTION
### (Conversion against Defendant BOFA)

67. Plaintiff incorporates by reference each and every allegation set forth in paragraphs 1 through 66, inclusive, of this Complaint.

68. At the time the $700.00 payment was made, and afterward, Defendant BOFA wrongfully interfered with Plaintiff's right of possession to her property by misappropriating, commingling, or misapplying these funds.

69. Specifically, (1) Plaintiff had an ownership right in her $700.00 payment; (2) Defendant BOFA engaged in a wrongful act and disposition of Plaintiff's property right as to her $700.00 by not applying it per her wishes or reimbursing her the money; and (3) this interference of Plaintiff's ownership right to her money resulted in damages.

70. As a direct and proximate result of Defendant BOFA's conversion, Plaintiff suffered damages, including but not limited to actual, consequential, and incidental damages and harm, including but not limited to worry, emotional distress, anxiety, humiliation, credit denial, loss of creditworthiness and credit standing, and out-of-pocket expenses the exact amount of which is to be proven at trial.

71. As a result of the Conversion, Plaintiff is entitled to compensatory damages and prejudgment interest at the legal rate on the value of the converted property pursuant to Civil Code section 3336.

72. Defendant BOFA's conduct constitutes conduct that is oppressive,

fraudulent, or malicious, also entitling Plaintiff to punitive damages under Civil Code section 3294. The acts of BOFA's employees as alleged were authorized or ratified by an officer, director, or managing agent of BOFA.

### FIFTH CAUSE OF ACTION
### (Violation of the FDCPA against Defendant MERCANTILE)

73. Plaintiff re-alleges paragraphs 1 through 72, above, as if fully set forth herein.

74. Defendant MERCANTILE violated the FDCPA by violating 15 U.S.C. sections 1692d, 1692e, 1692e(2)(A), 1692e(10), 1692f, and 1692g(a)(1) because it attempted to collect $1,530.20 from Plaintiff even though Plaintiff did not owe this amount since she had made a payment of $700.00 to Defendant BOFA on January 8, 2016.

75. As a result of each and every violation of the FDCPA, as discussed herein, Plaintiff has suffered actual damages and harm resulting from MERCANTILE'S actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, and humiliation, the exact amount of which is to be proven at trial.

76. As a result of each and every violation of the FDCPA, as discussed herein, Plaintiff incurred additional actual damages including, but not limited to, transportation and gasoline costs to the law firm, telephone call charges, copies, postage, and other damages.

77. As a result of each and every violation of the FDCPA, as discussed herein, Plaintiff is entitled to actual damages pursuant to 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 1692k(a)(2)(A) and reasonable attorneys' fees and costs pursuant to 15 U.S.C. section 1692k(a)(3).

### SIXTH CAUSE OF ACTION
### (Violation of the Rosenthal FDCPA against Defendant MERCANTILE)

78. Plaintiff re-allege paragraphs 1 through 77, above, as if fully set forth

herein.

79. Any violation of the FDCPA is a violation of California Civil Code section 1788.17, also known as the Rosenthal FDCPA because section 1788.17 incorporates the FDCPA

80. Defendant MERCANTILE violated the Rosenthal FDCPA by violating Civil Code section 1788.17 because it violated 15 U.S.C. sections 1692d, 1692e, 1692e(2)(A), 1692e(10), 1692f and 1692g(a)(1).

81. As a result of each and every violation of the Rosenthal FDCPA, Plaintiff has suffered actual damages and harm resulting from Defendant's actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, humiliation, and out-of-pocket expenses the exact amount of which is to be proven at trial.

82. As a result of each and every violation of the Rosenthal FDCPA, Plaintiff is entitled to actual damages pursuant to California Civil Code section 1788.30(a); statutory damages under 1692k(a)(2)(A) which is incorporated by California Civil Code section 1788.17; statutory damages for a knowing or willful violation in the amount of up to $1,000.00 pursuant to California Civil Code section 1788.30(b); and reasonable attorneys' fees and costs pursuant to California Civil Code section 1788.30(c).

### SEVENTH CAUSE OF ACTION
### (Violation of the FCRA against Defendant TRANS UNION)

83. Plaintiff re-alleges paragraphs 1 through 82, above, as if fully set forth herein.

84. Defendant TRANS UNION violated the FCRA by violating 15 U.S.C. sections 1681e(b), 1681i(a)(1)(A), and 1681i(a)(5)(A).

### COUNT 1

85. Defendant TRANS UNION violated the FCRA by violating 15 U.S.C. section 1681e(b) when it failed to follow reasonable procedures to assure maximum

possible accuracy of the information concerning Plaintiff's credit report. Specifically, TRANS UNION failed to conduct a reasonable investigation into the accuracy of the information being disputed by Plaintiff, failed to update, correct or delete the inaccurate information, failed to consider all relevant information supplied by Plaintiff in her disputes including a copy of the payment made, failed to notate that the account was disputed, and failed to employ and follow reasonable procedures to prevent such inaccurate reporting.

**COUNT 2**

86. Defendant TRANS UNION violated the FCRA by violating 15 U.S.C. sections 1681i(a)(1)(A) and 1681i(a)(5)(A) when it failed to conduct a reasonable investigation into the accuracy of the information being disputed by Plaintiff, failed to update, correct or delete the inaccurate information, failed to consider all relevant information provided, failed to notate that the Bank of America account was subject to dispute, and failed to employ and follow reasonable procedures to prevent such inaccurate reporting.

87. As a result of each and every violation of the FCRA, Plaintiff has suffered actual damages and harm resulting from Defendant's actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, humiliation, damage to her credit report and credit score, and out-of-pocket expenses the exact amount of which is to be proven at trial.

88. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. section 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. section 1681o(a)(2).

89. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to statutory damages pursuant to 15 U.S.C. section 1681n(a)(1)(A); punitive damages pursuant to 15 U.S.C. section 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. section 1681n(a)(3).

## EIGHTH CAUSE OF ACTION
### (Violations of the CCRAA against Defendant TRANS UNION)

90. Plaintiff re-alleges paragraphs 1 through 89, above, as if fully set forth herein.

91. Defendant TRANS UNION violated the CCRAA by violating Civil Code sections 1785.14(b) and 1785.16(a)-(b).

### COUNT 1

92. Defendant TRANS UNION violated the CCRAA by violating Civil Code section 1785.14(b) when it failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff's credit report. Specifically, TRANS UNION failed to conduct a reasonable investigation into the accuracy of the information being disputed by Plaintiff, failed to update, correct or delete the inaccurate information, failed to consider all relevant information supplied by Plaintiff in her disputes including a copy of the payment made, failed to notate that the account was disputed, and failed to employ and follow reasonable procedures to prevent such inaccurate reporting.

### COUNT 2

93. Defendant TRANS UNION violated the CCRAA by violating Civil Code section 1785.16(a)-(b) when it failed to conduct a reasonable investigation into the accuracy of the information being disputed by Plaintiff, failed to update, correct or delete the inaccurate information, failed to consider all relevant information provided, failed to notate that the Bank of America account was subject to dispute, and failed to employ and follow reasonable procedures to prevent such inaccurate reporting.

94. As a result of each and every violation of the CCRAA, Plaintiff has suffered actual damages and harm resulting from Defendant's actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, humiliation, damage to her credit report and credit score, and out-of-pocket expenses the exact amount of which is to be proven at trial.

95. As a result of each and every violation of the CCRAA, Plaintiff is entitled to actual damages, reasonable attorney's fees and costs pursuant to California Civil Code section 1785.31(a)(1); and statutory damages for a knowing or willful violation in the amount of up to $5,000.00 pursuant to California Civil Code section 1785.31(a)(2)(B).

### NINTH CAUSE OF ACTION
### (Violation of the FCRA against Defendant EXPERIAN)

96. Plaintiff re-alleges paragraphs 1 through 95, above, as if fully set forth herein.

97. Defendant EXPERIAN violated the FCRA by violating 15 U.S.C. sections 1681e(b), 1681i(a)(1)(A), and 1681i(a)(5)(A).

### COUNT 1

98. Defendant EXPERIAN violated the FCRA by violating 15 U.S.C. section 1681e(b) when it failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff's credit report. Specifically, EXPERIAN failed to conduct a reasonable investigation into the accuracy of the information being disputed by Plaintiff, failed to update, correct or delete the inaccurate information, failed to consider all relevant information supplied by Plaintiff in her disputes including a copy of the payment made, failed to notate that the account was disputed, and failed to employ and follow reasonable procedures to prevent such inaccurate reporting.

### COUNT 2

99. Defendant EXPERIAN violated the FCRA by violating 15 U.S.C. sections 1681i(a)(1)(A) and 1681i(a)(5)(A) when it failed to conduct a reasonable investigation into the accuracy of the information being disputed by Plaintiff, failed to update, correct or delete the inaccurate information, failed to consider all relevant information provided, failed to notate that the Bank of America account was subject

to dispute, and failed to employ and follow reasonable procedures to prevent such inaccurate reporting.

100. As a result of each and every violation of the FCRA, Plaintiff has suffered actual damages and harm resulting from Defendant's actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, humiliation, damage to her credit report and credit score, and out-of-pocket expenses the exact amount of which is to be proven at trial.

101. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. section 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. section 1681o(a)(2).

102. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to statutory damages pursuant to 15 U.S.C. section 1681n(a)(1)(A); punitive damages pursuant to 15 U.S.C. section 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. section 1681n(a)(3).

### TENTH CAUSE OF ACTION
**(Violations of the CCRAA against Defendant EXPERIAN)**

103. Plaintiff re-alleges paragraphs 1 through 102, above, as if fully set forth herein.

104. Defendant EXPERIAN violated the CCRAA by violating Civil Code sections 1785.14(b) and 1785.16(a)-(b).

**COUNT 1**

105. Defendant EXPERIAN violated the CCRAA by violating Civil Code section 1785.14(b) when it failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff's credit report. Specifically, EXPERIAN failed to conduct a reasonable investigation into the accuracy of the information being disputed by Plaintiff, failed to update, correct or delete the inaccurate information, failed to consider all relevant information supplied by Plaintiff in her disputes including a copy of the payment made, failed to notate that

the account was disputed, and failed to employ and follow reasonable procedures to prevent such inaccurate reporting.

**COUNT 2**

106.  Defendant EXPERIAN violated the CCRAA by violating Civil Code section 1785.16(a)-(b) when it failed to conduct a reasonable investigation into the accuracy of the information being disputed by Plaintiff, failed to update, correct or delete the inaccurate information, failed to consider all relevant information provided, failed to notate that the Bank of America account was subject to dispute, and failed to employ and follow reasonable procedures to prevent such inaccurate reporting.

107.  As a result of each and every violation of the CCRAA, Plaintiff has suffered actual damages and harm resulting from Defendant's actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, humiliation, damage to her credit report and credit score, and out-of-pocket expenses the exact amount of which is to be proven at trial.

108.  As a result of each and every violation of the CCRAA, Plaintiff is entitled to actual damages, reasonable attorney's fees and costs pursuant to California Civil Code section 1785.31(a)(1); and statutory damages for a knowing or willful violation in the amount of up to $5,000.00 pursuant to California Civil Code section 1785.31(a)(2)(B).

**PRAYER FOR DAMAGES AND OTHER REMEDIES**

1. For actual damages;
2. For statutory damages;
3. For attorneys' fees;
4. For costs of suit herein incurred;
5. For prejudgment interest at the legal rate on the value of the converted property pursuant to Civil Code section 3336;
6. For punitive damages pursuant to Civil Code section 3294;
7. For interest according to law; and

8. For other and further relief as the court may deem proper.

DATED: November 22, 2016      **MASHIRI LAW FIRM**
A Professional Corporation

By: /s/Alex Asil Mashiri
    Alex Asil Mashiri
    Attorney for Plaintiff,
    FRESHTA Y. NAYAB

**MASHIRI LAW FIRM**
A Professional Corporation
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

- 19 -
COMPLAINT FOR DAMAGES